## SALT LAKE CITY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 6462.   Decided July 28, 1943.   (139 P. 2d 887.)

*Gerald Irvine*, Asst. City Atty., *E. R. Christensen*, City Atty., and *A. Pratt Kesler*, Asst. City Atty., all of Salt Lake City, plaintiff.

*Grover A. Giles*, Atty. Gen., and *Harold E. Wallace* and *C. E. Henderson*, both of Salt Lake City, defendants.

WOLFE, Chief Justice.

Defendant Erickson petitions for a rehearing on the grounds that we were in error in holding that (1) the matter quoted in the opinion from the decision of the Industrial Commission were findings; (2) that from said language it could be inferred that the Commission found that Erickson had knowledge of the rule; (3) that we resolved doubts against sustaining the award of the Commission when they could have been resolved so as to sustain it; and that (4) we were in error in holding that, if Erickson had known of the rule, a breaking of it constituted a departure from the course of his employment. A reading of the opinion will reveal that every one of these contentions has been fully answered but because we want to leave no room for doubt as to the import

of the opinion we deem it advisable to state the following: This is not the case of incomplete findings where a missing finding of a fact necessary to the decision can be supplied from the evidence. The question of whether the portion of the Commission's decision where it is said to have merely ruminated over the evidence were in fact findings or mere utterances of the Commission involves a quibble. We assume that the Commission was not doing its thinking out loud on paper within the confines of its decision. But whether they were utterances or findings they perform the function of affirmatively revealing the mind of the Commission. And what do they reveal? That the Commission considered that there was only one question in the case, to wit: whether the quarrel between Ames and Erickson was personal or in reference to the business of Salt Lake City. The Commission started from that point but its findings or utterances affirmatively show that had it considered another controlling point in the case it would in likelihood have had to arrive at an opposite conclusion or have been inconsistent. Our opinion lays down the rule that if Erickson knew that he should not have taken screens from the dump without permission and did so for his own benefit or, what in law is the same thing, that of his friend Landrum, while in the process of so taking the screens he was out of the course of his employment. Naturally any admonition by Ames to him while he was out of the employment did not place him back into the employment so as to make a quarrel growing out of the admonition a quarrel occurring in the employment. The difficulty with the Commission's utterances or findings is not that they leave a gap in regard to the determination of the question of Erickson's departure from the employment before he was accosted by Ames, which gap we would ordinarily resolve to sustain the Commission's decision, but that they point to a strong probability that had the Commission considered or resolved this question of fact it would have had itself to come to a conclusion opposite to

that which it did come to. When the Commission states in the record that it is

"inclined to believe the testimony of Mr. Dyer, the foreman, and Mr. Ames, the assistant foreman, with respect to established rules and the testimony of Mr. Ames that he was attempting to enforce one of the rules at the time the scuffle ensued"

we must take it at its word. "Inclined to believe" is somewhat of an euphemism for believing.

And if we take the Commission at its own word it was inclined to believe that Erickson knew the rule (which seems to follow as a necessary inference from the Commission's asserted inclination to believe the testimony of Ames and Dyer that the rules had been posted and all employees had been notified by word of mouth) and if he knew the rule and broke it for his own benefit he departed from the employment in that regard. And if he was not in the course of his employment at the time Ames admonished him he was not in its course when the scuffle took place nor did such scuffle arise out of the employment. It can be seen then that we are not dealing with the ordinary case of an omission of a finding but with a record which reveals that the Commission was inclined to believe the facts to be such as would lead to a conclusion opposite to that to which it arrived had it taken into consideration the question of whether there was a departure from the employment before Ames accosted Erickson. Under such a state of the record we cannot resolve doubts in favor of the award. To do so would be not to resolve a doubt but would be to close our eyes to an assertion of the Commission's belief which would, when considered in respect to an apparently unconsidered but controlling question in the case, lead to an exactly opposite result. Under such circumstances we cannot let stand an award, which, if the other controlling question were considered, would apparently affirmatively lead the Commission to deny the award.

Rehearing denied.

McDONOUGH, J., and WILL L. HOYT, District Judge, concur.

LARSON and MOFFAT, JJ., dissent and vote for a rehearing.